## WHITE *et al.* v. THE BRANCH BANK AT DECATUR.

1. Where a notice that a motion will be made against a debtor of the bank for judgment, and a certificate as to the proprietorship of the debt sought to be recovered, is found in the transcript of the record sent up ; and the judgment recites that the plaintiff " produced the notice and certificate of the President of the Bank indorsed thereon ;" it will be intended that the notice and certificate found in the transcript were acted on in the court below, and consequently they may be regarded as a part of the record.

Writ of error to the County Court of Morgan.

THE record in this case is in all respects similar to that in *Sale et al.* v. *The Branch Bank at Decatur, ante,* with the exception that the certificate of the president of the bank is here set out *in extenso,* and is as follows: " The State of Alabama, Morgan county.   I, James T. Sykes, president of the Branch of the Bank of the State of Alabama, at Decatur, do hereby certify that S. B. White, Chilian White and Joseph Hardgrove, are justly indebted to said Branch Bank in the sum of one thousand dollars, and interest on that sum from the 13th day of September, 1838, being the amount due and owing on the annexed promissory note of which S. B. White is principal and Chilian White and Joseph Harwood are securities, which note is due and yet remains unpaid.   And further, I certify, that said note is really and *bona fide* the property of said Branch of the Bank of the State of Alabama, at Decatur.   In testimony," &c.

McCLUNG for the plaintiff.
No counsel appeared for the defendant.

COLLIER, C. J.—In Curry v. The Bank of Mobile, (8 Porter's Rep. 372,) we determined that where the judgment recited that the plaintiff " produced the notice and certificate of the president of the bank indorsed thereon," it must be inten-

ded that the notice and certificate found in the transcript, were those produced in the court below, and further the recital, and judgment were evidence that they had been there acted on and could be here looked to as part of the record.    The recital contained in the judgment in the present case is quite as full and direct as in that cited.

In Lyon v. The State Bank, (1 Stewt. Rep. 442,) a certificate, not more special in its terms than that found in the transcript, was held to be sufficient.    That case, at least as to this particular point, has been repeatedly re-affirmed, and we are still satisfied with it.

The other objections to the judgment of the County Court are decided by the judgment in Sale *et al.* v. The Branch Bank at Decatur; the errors assigned in both cases being counterparts each of the other.    The consequence is, that the judgment must be affirmed.